**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARILYN WOODBERRY,<br><br>　　　Plaintiff,<br><br>v.<br><br><br>TRUIST BANK dba LIGHTSTREAM;<br>and TRANSUNION LLC<br><br>　　　Defendants. | Case No.: 2:26-cv-12649-TGB-EAS<br><br>**First Amended Complaint for Damages:**<br>　　**Violation of Fair Credit Reporting Act** |

Plaintiff, Marilyn Woodberry, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.　　　INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.　　　PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, Truist Bank dba LightStream ("LightStream") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Michigan.

4. At all times pertinent hereto, Defendant LightStream is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as

that term is described in 15 U.S.C. §1681s-2 *et seq.*

5.     Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Michigan.

6.     Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Michigan.

7.     TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8.     TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

9.     At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

10.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

12.     Personal jurisdiction exists over Defendants as Plaintiff resides in Michigan, Defendants have the necessary minimum contacts with the state of Michigan, and this suit arises out of specific conduct with Plaintiff in Michigan.

### IV.     FACTUAL ALLEGATIONS

13.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants LightStream and TransUnion (collectively, "Defendants") and has suffered particularized and concrete harm.

14.     TransUnion is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15.     The CRAs' primary business is the sale of consumer reports (commonly

referred to as "credit reports") to third parties and consumers.

16. TransUnion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. Plaintiff discovered the LightStream account $26,288 (the "Account") on their TransUnion consumer report that does not belong to him.

18. Plaintiff completed an FTC Identity Theft Report reporting the fraudulent information associated with the Account for investigation and prosecution.

19. Defendant LightStream continues erroneously to report the Account with a collection and a derogatory status to TransUnion which is a CRA and which reports a collection and a derogatory Account on Plaintiff's consumer report.

20. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

21. On or about May 19, 2026, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

22. Upon information and belief TransUnion forwarded Plaintiff's dispute letters to Defendant LightStream.

23. Upon information and belief, LightStream received notification of Plaintiff's TransUnion Dispute from TransUnion.

24. Upon information and belief, LightStream verified the erroneous information associated with the Account to TransUnion.

25. LightStream failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

26. TransUnion did not conduct an investigation, contact Plaintiff, contact third-

parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

27. Upon information and belief, LightStream failed to instruct TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

28. TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's TransUnion Dispute.

29. At no point after receiving the TransUnion Dispute did LightStream or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's TransUnion Dispute.

30. TransUnion relied on their own judgment and the information provided to them by LightStream rather than grant credence to the information provided by Plaintiff.

31. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

32. Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

## COUNT I – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

33. Plaintiff re-alleges and reaffirms paragraphs 1-32 as though fully set forth herein.

34. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

35. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and

maintained concerning Plaintiff.

36. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

40. Plaintiff re-alleges and reaffirms paragraphs 1-32 as though fully set forth herein.

41. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

42. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

43. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic

loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – LIGHTSTREAM

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

47. Plaintiff re-alleges and reaffirms paragraphs 1-32 as though fully set forth herein.

48. After receiving the TransUnion Dispute, LightStream failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

49. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant LightStream's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant LightStream's representations to consumer credit reporting agencies, among other unlawful conduct.

50. As a result of this conduct, action, and inaction of Defendant LightStream, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

51.    Defendant LightStream's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52.    In the alternative, Defendant LightStream was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant LightStream pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – TRANSUNION

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681c-2

54.    Plaintiff re-alleges and reaffirms the above paragraphs 1-32 as though fully set forth herein.

55.    Plaintiff submitted a Federal Trade Commission Identity Theft Report to TransUnion that listed the Account as information that reports because of identity theft.

56.    After receiving the Dispute Letters containing Plaintiff's Federal Trade Commission Identity Theft Report, TransUnion failed to block the Account from reporting to the Plaintiff's consumer reports.

57.    TransUnion violated 15 U.S.C. §1681c-2 by failing to block the reporting of any information in Plaintiff's TransUnion consumer file that the Plaintiff identified as information that resulted from identity theft.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants

Woodberry v. LightStream, et al.                    7                    COMPLAINT

for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

    A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

    B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

    C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

    D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted August 3, 2026

*/s/ Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for Plaintiff

Woodberry v. LightStream, et al.      8      COMPLAINT